UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LANCE A. THOMASON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, COUNTY OF SPOKANE and SUPERIOR COURTS,<br><br>Defendants. | No. 2:19-cv-00257-SMJ<br><br>**ORDER DISMISSING COMPLAINT** |

By Order filed October 4, 2019, the Court advised Plaintiff, a pretrial detainee at the Spokane County Detention Services, of the deficiencies of his Complaint and directed him to amend or voluntarily dismiss within sixty days. ECF No. 7. Plaintiff is proceeding *pro se* and *in forma pauperis.* Defendants have not been served. The Court cautioned Plaintiff that if he failed to comply with the directives in the order, the Court would dismiss his complaint seeking monetary damages for alleged double jeopardy and speedy trial violations.

Specifically, Plaintiff failed to name as Defendants persons who are amenable to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70–71 (1989); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001);

ORDER DISMISSING COMPLAINT – 1

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (concluding a suit against a superior court is a suit against a state, which is barred by Eleventh Amendment immunity); *cf. Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997) (describing superior court judges as state agents or employees). He also failed to allege the County of Spokane engaged in a pattern or practice that resulted in the deprivation of his constitutional rights. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Furthermore, the *Younger* abstention doctrine forbids federal courts from enjoining pending state criminal proceedings, absent extraordinary circumstances not presented here. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). Plaintiff did not comply with the Court's Order and has filed nothing further in this action.

Therefore, for the reasons set forth above and in the Order to Amend or Voluntarily Dismiss, ECF No. 7, the complaint is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Complaint, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE** to Plaintiff pursuing available state court remedies.

2. Based on the Court's reading of *Washington v. Los Angeles County*

*Sheriff's Department*, 833 F.3d 1048 (9th Cir. 2016), this dismissal will NOT count as a "strike" under 28 U.S.C. § 1915(g).

3. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order could not be taken in good faith.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to *pro se* Plaintiff at his last known address.

**DATED** this 27th day of January 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING COMPLAINT – 3